**IT IS ORDERED as set forth below:**



**Date: December 19, 2014**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| KRYOSPHERE, INC., | ) | 14-22080-jrs |
| | ) | |
| Debtor. | ) | |

### ORDER GRANTING MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF CLAIMS, LIENS AND ENCUMBRANCES

On December 3, 2014, Debtor filed its *Motion to Sell Substantially All of Debtor's Assets Free and Clear of Claims, Liens and Encumbrances* (doc. 53) (the "Motion"). On December 16, 2014, this Court held a hearing on the Motion. Attending that hearing were counsel for Debtor, counsel for Debtor's senior secured lender (Renasant Bank), and counsel for the United States Trustee.

Based on the record and the representations of Debtor's counsel at the sale hearing, and for good cause shown, IT IS HEREBY ORDERED as follows:

1. Notice of the Motion and the hearing was proper and adequate under the circumstances.

2. The Motion is GRANTED, and the sale of Debtor's assets (as more particularly identified in the Motion and the Asset Purchase Agreement attached thereto) (the "Sale Assets")[1] to Kryocal, LLC (the "Buyer") is APPROVED on the terms and conditions set forth in the Motion and the Asset Purchase Agreement as a sale pursuant to the highest and best offer.

3. Debtor is authorized to pay the claim of Renasant Bank at closing to the extent that net proceeds are available.

4. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Sale Assets will vest in the Buyer all right, title and interest of the Debtor and the bankruptcy estate in the Sale Assets, free and clear of the liens, claims or interests.

5. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all liens, claims or interests in the Sale Assets have been and hereby are adjudged and declared to be unconditionally released as to the Sale Assets, with such liens, claims or interests attaching only to the sales proceeds.

6. Upon the closing, all holders of liens, claims, encumbrances or interests of any kind as against Debtor or its property shall be restrained from asserting such liens, claims, encumbrances and interests against Buyer or the Sale Assets.

---

[1] The assumption and assignment of executory contracts and unexpired leases shall be resolved via a separate motion and order. To the extent assumed and assigned, such executory contracts and unexpired leases shall be considered Sale Assets for all purposes set forth in this Order.

7. At the request of Debtor or Buyer, Renasant Bank and any other holders of claims, encumbrances or interests with respect to the Sale Assets shall execute and deliver satisfactions to Buyer promptly after closing and payment in full of any secured claims.

8. Debtor may execute such documents as necessary to consummate closing of the Sale Assets. The Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not alter the net proceeds paid to Debtor or Renasant Bank. By way of illustration, and without limitation, Debtor and Buyer may agree to change the closing date or similar provisions without further order of the Court.

9. Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

10. This Order shall be effective immediately upon entry. No automatic stay of execution pursuant to Bankruptcy Rules 6004(h) or 6006(d), applies with respect to this Order.

11. This Court retains jurisdiction with respect to interpretation and enforcement of this Order.

12. Counsel for Debtor shall serve a copy of this Order on all creditors and parties interest and file a certificate of service thereafter.

**END OF DOCUMENT**

**Distribution List**

Jimmy C. Luke, II
Martin Bagwell Luke, P.C.
400 Northridge Road, Suite 1225
Atlanta, Georgia 30350


Presented by:

**MARTIN BAGWELL LUKE, P.C.**


/s/ Jimmy C. Luke, II
Jimmy C. Luke, II
Georgia Bar No. 191817

400 Northridge Road, Suite 1225
Atlanta, Georgia 30350
Direct: (404) 467-5867
Facsimile: (678) 218-0396
Email: jluke@mbllawfirm.com
*Counsel for Debtor*

Reviewed and no opposition:

| **JAMES-BATES-BRANNAN-GROOVER-LLP** | **GUY B. GEBHARDT** |
|---|---|
|  | Acting United States Trustee, Region 21 |
| /s/ J. William Boone | /s/ James H. Morawetz |
| J. William Boone | James H. Morawetz |
| Georgia Bar No. 067856 | Georgia Bar No. 521900 |
| 3399 Peachtree Road, N.E., Suite 1700 | Office of the United States Trustee |
| Atlanta, GA 30326 | 362 Richard Russell Building |
| Direct: 404-997-6020 | 75 Spring Street, SW |
| Facsimile: 404-997-6021 | Atlanta, GA 30303 |
| Email: bboone@jamesbatesllp.com | Tel: (404) 331-4437 |
| *Counsel for Renasant Bank* | Email: jim.h.morawetz@usdoj.gov |