## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| KRYOSPHERE, INC., | ) | 14-22080-jrs |
| | ) | |
| Debtor. | ) | |

### SECOND OMNIBUS MOTION TO ASSUME EXECUTORY CONTRACTS
### AND ASSIGN TO KRYOCAL, LLC

**NOTICE: THE PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR ASSOCIATED EXECUTORY CONTRACTS ON EXHIBIT A TO THIS MOTION.**

COMES NOW Debtor Kryosphere, Inc. and, pursuant to 11 U.S.C. § 365 and Federal Rule of Bankruptcy Procedure 6006, hereby moves this Court for entry of an Order authorizing the assumption of the executory contracts identified on Exhibit A hereto (the "Contracts") and the assignment of the Contracts to Kryocal, LLC, a North Carolina limited liability company ("Kryocal"). In support of this Motion, Debtor shows the Court the following:

### BACKGROUND FACTS

1.

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.

Debtor commenced this Chapter 11 bankruptcy case by filing a voluntary petition for relief on September 2, 2014. Debtor is operating as a debtor in possession.

1265270.1

3.

Debtor operates a biorepository, which essentially is a cold storage facility for certain biological samples. For a more detailed description of Debtor's operations, please see the Declaration of John O. Norton In Support Of First Day Motions (doc. 3).

## ASSET SALE / ASSIGNMENT AND ASSUMPTION OF CONTRACTS

4.

Debtor filed a Motion to Sell Substantially All of Debtor's Assets Free and Clear of Claims, Liens and Encumbrances (doc. 53) (the "Sale Motion"). Any objections to the Sale Motion were resolved, and Debtor anticipates that the Court will grant the Sale Motion promptly.

5.

Pursuant to the Sale Motion, Debtor proposes to sell substantially all of its assets to Kryocal, an unaffiliated third party, on terms and conditions more specifically set forth in the Sale Motion.

6.

As a part of such a sale, Debtor proposes to assume the Contracts and assign the Contracts to Kryocal, to be effective upon the closing of Kryocal's purchase of Debtor's assets.

## CURE AMOUNTS

7.

Pursuant to 11 U.S.C. § 365(b)(1), prior to an assumption of the Contracts, Debtor must (i) cure, or provide adequate assurance that Debtor will promptly cure, defaults under the Contracts and (ii) provides adequate assurance of future performance under the Contracts.

1265270.1

8.

The parties are directed to Exhibit A for Debtor's proposed cure amount for each of the Contracts. Debtor proposes to pay the cure amount within 90 days of closing from cash on hand or through an equity contribution made by Debtor's principal.

9.

With respect to adequate assurance of future performance, Debtor shows that Kryocal has dedicated substantial equity with respect to its purchaser of Debtor's assets and takeover of Debtor's business. Kryocal is substantially motivated to perform under the Contracts, as such performance is vital to Kryocal's success. In addition, Debtor anticipates that Kryocal will be required to undergo credit review by CAT Financial with respect to an assumption and assignment of one of Debtor's equipment leases.

10.

Debtor anticipates that the closing of the sale to Kryocal, and the assignment and assumption contemplated herein, will be consummated promptly upon Court approval of this Motion.

WHEREFORE, Debtor respectfully moves this Court to:

(a)   hold a hearing on this Motion;

(b)   enter an Order granting this Motion, effective immediately and not stayed pursuant to Fed. R. Bank. P. 6006(d); and

(c)   grant Debtor such other and further relief as may be equitable, proper and just.

1265270.1

Respectfully submitted this 24th day of December, 2014.

**MARTIN BAGWELL LUKE, P.C.**

/s/ Jimmy C. Luke, II
Jimmy C. Luke, II
Georgia Bar No. 191817

400 Northridge Road, Suite 1225
Atlanta, Georgia 30350
Direct: (404) 467-5867
Facsimile: (678) 218-0396
Email: jluke@mbllawfirm.com
*Counsel for Debtor*

1265270.1

# EXHIBIT A
## Contracts to be Assumed

| VENDOR NAME | ADDRESS | TYPE OF CONTRACT | PROPOSED CURE AMOUNT |
|---|---|---|---|
| BizMaids LLC | 4801 Glenwood Avenue Suite 200 Raleigh, NC 27612 | cleaning vendor | $500.00 |
| IMS, Inc. | 6110 Executive Blvd. Suite 310 Rockville, MD 20852 | software vendor | $3,050.00 |
| Machine & Welding Supply Co. | PO Box 1708 Dunn, NC 28335-1708 | liquid nitrogen vendor | $1,684.79 |
| Mesa Monitor, Inc. | 12100 W 6th Ave. Lakewood, CO 80228 | alarm vendor | $2,483.26 |
| Surya Technologies | 940 Main Campus Dr. Venture I, Suite 120 Raleigh, NC 27606 | IT vendor | $0.00 |
| Time Warner Cable | PO Box 70872 Charlotte, NC 28272-0872 | cable and internet | $0.00 |

1265270.1

## CERTIFICATE OF SERVICE

I certify that on this day, I have served the foregoing via U.S. Mail on all parties listed on

Exhibit A to the Motion and the following:

| | |
|---|---|
| Office of the United States Trustee<br>75 Spring Street<br>362 Richard B. Russell Building<br>Atlanta, GA 30303<br>Attn: James H. Morawetz, Esq. | John A. Thomson, Jr.<br>Womble Carlyle Sandridge & Rice LLP<br>271 17th Street, Suite 2400<br>Atlanta, GA 30363-1017 |
| Ron C. Bingham, II, Esq.<br>Stites & Harbison, PLLC<br>303 Peachtree Street, NE<br>2800 SunTrust Plaza<br>Atlanta, GA 30308 | J. William Boone, Esq.<br>Doroteya N. Wozniak, Esq.<br>James Bates Brannan Groover LLP<br>3399 Peachtree Road, Suite 1700<br>Atlanta, GA 30326 |
| Adam Reinke, Esq.<br>DLA Piper LLP (US)<br>One Atlantic Center<br>1201 West Peachtree Street, Suite 2800<br>Atlanta, GA 30309-3450 | |

This 24th day of December, 2014.

**MARTIN BAGWELL LUKE, P.C.**

/s/ Jimmy C. Luke, II
Jimmy C. Luke, II
Georgia Bar No. 191817

400 Northridge Road, Suite 1225
Atlanta, Georgia 30350
Direct: (404) 467-5867
Facsimile: (678) 218-0396
Email: jluke@mbllawfirm.com
*Counsel for Debtor*

1265270.1